WILLIAM B. DUKE AND WIFE, MAE G. DUKE, AND J. LEON HAWKINS AND
   WIFE, EVA B. HAWKINS v. EDWARD HILL (WIDOWER); JAMES HILL AND
   WIFE, CATHERINE HILL; DUPREE HILL AND WIFE, ELSIE W. HILL;
   MOLLIE HILL; SARENA H. GAYNOR; RILEY MOORE, JR. AND WIFE,
   SHIRLEY MOORE; BEATRICE M. SMITH (WIDOW); VELVET LEE OLLI-
   SON; GLADYS M. STILLEY AND HUSBAND, NORMAN STILLEY; ANNIE
   MOORE; WILLIAM SIMON MOORE III AND WIFE, LOTTIE MAE MOORE;
   CLARA HOOKER (WIDOW); JEFFREY HOLLIDAY; WALTER L. HOLLIDAY
   AND WIFE, JEWELL R. HOLLIDAY; RUBY B. HOLLIDAY (WIDOW); SELMON
   HOLLIDAY, JR.; BERNICE HOLLIDAY; ANTHONY HOLLIDAY; AND
   STANDARD GUARANTY INSURANCE COMPANY

No. 832SC134

(Filed 1 May 1984)

1. Partition § 6— whether land should be sold or partitioned—question of fact—
burden of proof

   Whether land owned by the parties should be partitioned in kind among
them according to their respective interests or whether it should be sold and
the proceeds divided was a question of fact for the court, and since petitioners'
allegation that the property could not actually be partitioned among the par-
ties without injury to some or all the parties was denied by respondents, peti-
tioners had the burden of establishing that a sale was necessary.

2. Evidence § 48— qualification of witness as expert

   The trial court could have justifiably found that a witness was qualified to
testify as an expert in the field of land use and values where the record
showed that the witness was the director of planning and environmental
management for a county, had a B.S. degree in urban regional planning, was
taking graduate studies primarily in the field of land use planning and
resource management, and had been over the land in question for the purpose
of considering its possible uses, and since the court not only permitted the
witness to give the testimony but accepted it as true, the court's failure for-
mally to find that the witness was an expert was an immaterial oversight
rather than prejudicial error.

3. Partition § 6.1— necessity for sale of land—supporting evidence

   The trial court's determination that a partition in kind could not be made
without injury to some or all of the parties and that the land should be sold
and the proceeds divided was supported by evidence and findings concerning
the varied interests of the parties, the irregular nature and character of the
land, the impossibility of physically dividing it in a fair manner according to
value, and the economic waste of so doing.

APPEAL by respondents from *Peel, Judge.* Judgment signed
12 March 1982 *nunc pro tunc* 3 November 1981 in Superior Court,
BEAUFORT County. Heard in the Court of Appeals 12 January
1984.

The subject of this partition and sale proceeding is 42 acres of land owned by petitioners and respondents. The petitioners, who have combined their varied interests into one share, own approximately 86 percent of the 42 acres involved. The shares of the different respondents therein vary in size from 1/28th to 1/945th. The petitioners allege, but the respondents deny, that the land cannot be divided among the several owners according to their respective interests without injury to some or all the parties interested. G.S. 46-22. The other preliminary steps taken in the proceeding are irrelevant to this appeal, which is from the judgment of the Superior Court Judge, following a *de novo* hearing upon appeal from the Clerk, ordering that the property be sold and the proceeds divided among the parties according to their respective interests.

*Stephen A. Graves and Wilkinson & Vosburg, by John A. Wilkinson, for petitioner appellees.*

*Robert L. White for respondent appellants.*

PHILLIPS, Judge.

[1] In this partition proceeding, whether the land owned by the parties should be partitioned in kind among them according to their respective interests or whether it should be sold and the proceeds divided, was a question of fact for the court. *Barber v. Barber*, 195 N.C. 711, 143 S.E. 469 (1928). Since petitioners' allegation that the property could not be actually partitioned among the parties without injury to some or all the parties was denied by the respondents, the burden of establishing that a sale was necessary reposed on petitioners. *Brown v. Boger*, 263 N.C. 248, 139 S.E. 2d 577 (1965). As the courts have stated many times, and as is both obvious and inherent in any event, whether a sale of land is or is not necessary in partition cases is determined by the circumstances, the most salient of which are usually the land itself, its nature, extent, condition and location and those that own it, their number and respective interest. According to the evidence (all presented by petitioners, the respondents choosing to remain silent for some reason), those who own the land are numerous and their interests vary from about 86% to a small fraction of 1%; whereas, the land involved, though quite varied, is for all intents and purposes even less extensive than its 42 acres indicate.

Situated along Blount's Creek, not far from Blount's Bay and the Pamlico River and hard to get to except by boat, some of the land is unusable marsh; some is high, open bluff with a commanding view of the creek and the waters it runs into; some is cleared and relatively flat or moderately rolling; much of it, covered with woods of no commercial value, is irregularly traversed by steeply sloped ridges and eroded gullies; and through the tract meanders a small tributary of the creek known as Yellow Bank Branch.

[2]  In support of their contention that the land cannot be fairly divided among the several parties, petitioners presented opinion testimony by John Edgar Prevatt, Jr. to the effect that the highest and best use that the property could be put to was that of residential housing with access to the creek. The respondents objected to this testimony and its receipt by the court is cited as prejudicial error. The basis of the contention is that the court had not found that the witness was an expert in the field of land use and thus qualified to give opinion testimony concerning it. Whether someone qualifies to testify as an expert in a particular field is within the sound discretion of the trial court. *State v. Strickland,* 229 N.C. 201, 49 S.E. 2d 469 (1948). The record shows that the witness was the Director of Planning and Environmental Management for Beaufort County, had a B.S. degree in urban regional planning, was taking graduate studies primarily in the field of land use planning and resource management, and had been over the land in question for the purpose of considering its possible uses. That the court could have justifiably found that the witness was a qualified expert in the field of land use and values is plain; and since the court not only permitted the witness to give the testimony, but accepted it as true, it also is plain to us that the failure to formally find that the witness was an expert was an immaterial oversight, rather than prejudicial error. *Apex Tire and Rubber Company v. Merritt Tire Company, Inc.,* 270 N.C. 50, 153 S.E. 2d 737 (1967).

[3]  Working from the end, rather than the beginning, which is more convenient in this instance, it is clear that the judge's conclusion that "it appears by proof satisfactory to the undersigned Judge that the partition requested by the respondents cannot be made without injury to some or perhaps all the parties interested" justified the order to sell the land. G.S. 46-22. It is also clear, we think, that this conclusion, as well as each of the others

subordinate to it that the court made, is supported by his findings of fact, in which the varied interests of the parties, the irregular nature and character of the land, the impossibility of physically dividing it in a fair manner according to value, and the economic waste of so doing, were all specified, which only leaves for determination whether the findings so made are supported by evidence. The respondents' *eight* other assignments of error address that question, at least inferentially. If the findings are supported by evidence, they are conclusive and binding. *West v. West,* 257 N.C. 760, 127 S.E. 2d 531 (1962). Though we choose to discuss them, we note that respondents' assignments of error are neither in the form nor contain the substance that Rule 10(c) of the N.C. Rules of Appellate Procedure requires. The office of an assignment of error, as both the rule and the innumerable cases interpreting it plainly show, is to state directly, albeit briefly, what legal error is complained of and why. Merely stating that "the respondents object and except to" a designated finding of fact, as was done eight times, neither tells us what the claimed legal errors were nor why they were erroneous. Nevertheless, we accept them as maintaining that the findings were erroneous in that they were not supported by evidence. Our study of the record, however, leads us to conclude otherwise and the judgment appealed from is therefore affirmed.

In arguing that various of the findings of fact were improperly supported, respondents cited and quoted from *Brown v. Boger,* 263 N.C. 248, 139 S.E. 2d 577 (1965) several times. While that case contains a number of instructive quotations and statements about processing partition cases, the case is not at all similar to this and has no application to the findings made in it. In *Brown,* 1,250 acres were involved, of which the petitioners owned 7/10ths and the respondents 3/10ths, there was neither finding nor evidence that that vast tract could not be divided into the two large shares required without injury to either of the parties, and eight witnesses for the respondents, in resistance to the petitioners' demand for a sale, testified that the land could be divided without injury to anyone. This case, on the other hand, involves but 42 acres, much of which is unusable, and parties that own as little as 1/20th of an acre, and it is marked by the respondents' inability or unwillingness to present any evidence whatever that the land

could be fairly divided as to value, though the petitioners presented much evidence to the contrary.

Affirmed.

Judges ARNOLD and JOHNSON concur.