PAMLICO PROPERTIES IV v. SEG ANSTALT COMPANY, LUX CORPORA-
TION, AGRI WORLD FARM MANAGEMENT, ULI BENNEWITZ AND THE
RICH COMPANY

No. 872SC501

(Filed 15 March 1988)

1. **Appeal and Error § 27— appeal from summary judgment—broadside assignment of error—affirmed**

A summary judgment for defendant The Rich Company was affirmed where plaintiff made only a broadside assignment of error and the facts found by the court clearly supported the decision that the claim was barred by the three-year statute of limitations.

2. **Limitation of Actions § 8— undisclosed partner—not applicable**

In an action for negligence in permitting a fire to spread to plaintiff's land, summary judgment for defendant The Rich Company, based on the statute of limitations, was not improperly granted where the fire spread on 5 April 1981; the action was filed on 21 September 1983 against multiple defendants including Agri World, an N.C. partnership, and Uli Bennewitz, a general partner; plaintiff purportedly did not know that The Rich Company was a partner until Bennewitz's deposition on 14 November 1984; and plaintiff immediately moved for and was granted permission to add The Rich Company as a defendant. That plaintiff may not have known before then that The Rich Company was a partner does not prove that it was an undisclosed partner within the contemplation of the law. Moreover, even if The Rich Company was an undisclosed partner, N.C.G.S. § 1-28 provides only that the statutes of limitations apply from the time the partnership became known, and the partnership status of Agri World obviously became known to plaintiff before the original complaint was filed.

3. **Rules of Civil Procedure §§ 56.2, 56.3— summary judgment—supporting material—burden of proof**

Summary judgment was not improperly granted against defendant The Rich Company based on the statute of limitations where plaintiff argued that the action was not barred because the statute did not begin running until the partnership was dissolved in fraud of creditors, but based its allegation only on information and belief, and defendant presented affidavits and other documents showing that all of its known creditors were paid upon dissolution. Moreover, when the statute of limitations is pleaded, the claimant has the burden of showing that the action is not barred.

**4. Rules of Civil Procedure § 56— summary judgment motion—other motions—order of hearing**

The trial court did not err by hearing a summary judgment motion before ruling on plaintiff's motions for a continuance and to compel discovery where plaintiff's counsel was present at the hearing and prepared to go forward, and the motion to compel discovery was not filed until the very day the summary judgment motion was heard.

APPEAL by plaintiff from *Llewellyn, Judge.* Order entered 27 February 1987 in Superior Court, HYDE County. Heard in the Court of Appeals 18 November 1987.

*Lee E. Knott, Jr. for plaintiff appellant.*

*Trimpi, Thompson & Nash, by John G. Trimpi, for defendant appellees.*

PHILLIPS, Judge.

Plaintiff's action is for damages allegedly caused by the several defendants negligently permitting a fire to spread onto its land on 5 April 1981. The action was filed on 21 September 1983, but defendant The Rich Company was not joined as a party or notified of the claim until 9 January 1985 when an amended complaint was filed. Eventually the claim was dismissed by an order of summary judgment on the explicit ground that it was barred by the three-year statute of limitations. In appealing from that order plaintiff paid little heed either to our rules of appellate procedure, the terms of the laws relied upon, or the state of the record. The pertinent facts are that: Adjoining plaintiff's property was a tract of forest land owned by defendant Seg Anstalt Company that was being cleared of its trees; defendant Agri World, a North Carolina partnership, supervised the contractors doing the clearing, during the course of which trees pushed into windrows were set afire and it spread to plaintiff's property; Agri World's general partners were the defendants Uli Bennewitz and The Rich Company; while plaintiff's original complaint alleged that Agri World was a North Carolina partnership and Uli Bennewitz was a general partner, it did not refer to The Rich Company or any other partner; defendant Agri World was dissolved by agreement of the partners in the spring of 1982; on 14 November 1984 while being deposed by plaintiff Uli Bennewitz testified that he and The Rich Company were general partners in Agri World, and

immediately thereafter plaintiff moved for and was granted permission to join The Rich Company as a party defendant.

[1]  Plaintiff assigned as error only "[t]he granting of the motion for summary judgment of the defendant, The Rich Company." This is a broadside assignment, since it does not state any specific basis for the alleged error as Rule 10, N.C. Rules of Appellate Procedure requires, and the only questions it raises are whether the facts found by the court support the judgment and whether any error of law appears on the face of the record. *Columbus County v. Thompson*, 249 N.C. 607, 611, 107 S.E. 2d 302, 305-306 (1959). Though the court is not required to find facts in ruling on a motion for summary judgment, the facts found in this instance —that the cause of action against The Rich Company arose on 5 April 1981 when the fire spread to plaintiff's land and that it was not served with notice of the claim against it until 9 January 1985 —clearly support the decision that the claim is barred by the three-year statute of limitations and no error of law appears on the face of the record. Thus, the order appealed from is affirmed.

[2, 3]  Citing only that same assignment of error based only on an exception to the signing of the order plaintiff argues in the brief with no foundation at all that the order was erroneous on several specific grounds, one being that the statute of limitations did not run against The Rich Company in the usual way because it was an "undisclosed" partner of Agri World until 14 November 1984 when plaintiff purportedly learned that it was a partner. But the record does not show that. All it shows is that on the 14th of November, 1984, in response to an appropriate question, Bennewitz told plaintiff that the Agri World general partners were him and The Rich Company. The record does not show that plaintiff had asked the question earlier of anybody; or that The Rich Company's status as a partner was concealed from anyone interested in learning who comprised the partnership. That plaintiff may not have known before then that The Rich Company was a partner does not prove that it was an "undisclosed" partner within contemplation of law. Nevertheless, moving on from that unestablished premise, plaintiff argues that under G.S. 1-28 the statute of limitations did not begin to run against the claim until it learned that The Rich Company was an undisclosed partner. But even if The Rich Company had been an "undisclosed" partner, G.S. 1-28 would not have had that effect, because it provides

only that "[t]he statutes of limitations apply to a civil action brought against an undisclosed partner only from the time the partnership became known to the plaintiff," and the partnership status of Agri World obviously became known to plaintiff before the original complaint so alleging was filed. Plaintiff also argues that its action against The Rich Company is not barred by the statute of limitations because the statute did not start running against the partnership until 1982 when Agri World was dissolved in fraud of its creditors by not retaining enough assets to pay its debts. Even if the legal theory advanced was sound its only support in the record is plaintiff's own allegation in the amended complaint based on information and belief, while The Rich Company presented affidavits and other documents showing that all the partnership's known creditors were paid upon dissolution. From both these arguments it is also evident that plaintiff is under the mistaken impression that The Rich Company was obliged to show the absence of all conditions that might have extended the statute of limitations, whereas, our law is that when the applicable statute is pleaded the claimant has the burden of showing that the action is not barred. *Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548 (1961).

[4] And still citing just its one broadside assignment of error and exception, plaintiff finally argued that the court erred in hearing the summary judgment motion before ruling on its motions for a continuance and to compel discovery; yet the order itself recites that plaintiff's counsel was present at the hearing and prepared to go forward, and the record shows that the motion to compel discovery was not filed until the very day the summary judgment motion was heard.

Affirmed.

Judges BECTON and GREENE concur.