JOAN L. KIMMEL, ADMINISTRATRIX OF THE ESTATE OF EDWIN R. DILLARD, IV, DECEASED v. CHARLES B. BRETT, M.D., THE SAM RAVENEL CLINIC, DONALD D. SMITH, M.D., PETER J. JAROSAK, M.D., AND EDGAR W. LITTLE, M.D.

No. 8818SC388

(Filed 20 December 1988)

Appeal and Error § 24.1— assignments of error—failure to state grounds—abandonment of exceptions

In accordance with Appellate Rule 10(c), plaintiff's exceptions upon which assignments of error are based are deemed abandoned where the assignments of error do not state the grounds upon which the errors are assigned.

APPEAL by plaintiff from *Friday (John R.), Judge.* Judgment entered 17 November 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 October 1988.

*Robert S. Cahoon for plaintiff-appellant.*

*Tuggle Duggins Meschan & Elrod, P.A., by Sally A. Lawing and Rachel B. Hall, for defendant-appellees.*

GREENE, Judge.

Plaintiff, Joan L. Kimmel, as administratrix of her son's estate, instituted this action alleging the medical negligence of the defendants caused her son's death. A jury rendered a verdict favorable to the defendants and plaintiff appeals.

Plaintiff's evidence tended to show that on the evening of 8 February 1983 her five-year-old son Edwin R. Dillard, IV ("Jed") became seriously ill with symptoms which included severe headache, vomiting, inability to sit up, crying, and a fever of one hundred and four degrees Fahrenheit. Plaintiff took her son to the emergency room of Moses H. Cone Memorial Hospital where she described Jed's symptoms to defendant Dr. Charles B. Brett, a member of the defendant Sam Ravenel Clinic. The Sam Ravenel Clinic consists of defendant physicians Charles B. Brett, Donald D. Smith, Peter J. Jarosak, and Edgar W. Little. After examining Jed, Dr. Brett ordered an aspirin suppository to reduce Jed's fever, a throat culture, and a blood test. After the blood test results were returned from the lab, Dr. Brett prescribed an antibiotic and told plaintiff he would call her if the results from the throat culture were positive for strep throat. Dr. Brett also gave plaintiff a suppository to give to Jed if he continued vomiting. Plaintiff took Jed home and when Jed began to vomit, plaintiff gave Jed the suppository Dr. Brett had given her and put him to bed.

Plaintiff testified that at approximately 12:30 a.m. on 9 February 1983, plaintiff heard Jed moaning and went to check on him. She found he had fallen out of bed, that he could not be aroused, was limp, unresponsive, and had his arms drawn across his chest with his fists clinched. Plaintiff telephoned Dr. Brett and described the symptoms. Dr. Brett told her the sleepy and unresponsive symptoms were just side effects of the suppository.

Plaintiff testified that she then told Dr. Brett he was not listening to her and that he responded by saying, "Go back to bed, Momma, I have never lost a kid with a sore throat."

Plaintiff then telephoned another physician who advised her to call the pediatric resident physician at Moses H. Cone Memorial Hospital. Plaintiff did so and talked to Dr. June Russell. While they were talking, Jed's breathing became irregular and at one point stopped. Plaintiff and her husband rushed Jed to the hospital. On the way to the hospital, Jed stopped breathing and had no pulse. Plaintiff gave mouth-to-mouth resuscitation until they reached the hospital.

Hospital attendants got Jed's heart beating again and put him on a respirator. Dr. Russell telephoned Dr. Brett, informed him of Jed's condition, and Dr. Brett rushed to the hospital. A neurosurgeon performed a spinal tap and as a result, Jed was diagnosed as having meningitis and meningitis secondary to Hemophilus influenza. Dr. Brett continued to care for Jed throughout his hospital stay until Jed died on 24 February 1983.

Plaintiff's sole expert witness testified that in his opinion Dr. Brett's examination, diagnosis, and treatment of Jed Dillard fell below the standard of practice and medical care for a medical doctor specializing in the field of pediatrics in Greensboro, North Carolina. He based his opinion on the fact that Dr. Brett failed to suspect and diagnose meningitis in the face of Jed's symptoms, prescribed two medications that were incorrect and were not indicated by the symptoms, and erroneously attributed Jed's symptoms at the time of the 12:30 a.m. phone call to the suppository.

Defendant called as witnesses three experts in the field of pediatrics who testified that Dr. Brett's examination, diagnosis, and treatment of Jed Dillard conformed fully with the accepted standard of care for board certified pediatricians practicing in Greensboro or similar communities. These experts further testified that the medicines were appropriately prescribed, that meningitis in a child the age of Jed is highly unlikely in the absence of the symptom of a stiff neck, and that Dr. Brett checked for the symptom of a stiff neck and did not find it in Jed Dillard. Therefore, according to these experts, a spinal tap which was eventually used to diagnose meningitis was not indicated at the

time Dr. Brett examined Jed because spinal taps are usually not performed in the absence of a stiff neck.

---

The issue presented by this appeal is whether plaintiff's exceptions as set out in the record should be abandoned for failure to comply with North Carolina Rule of Appellate Procedure 10(c) which requires assignments of error to state the basis upon which error is assigned.

## I

The North Carolina Rules of Appellate Procedure require that each assignment of error contained in the record on appeal "state plainly and concisely and without argumentation the basis upon which error is assigned." App. R. 10(c); *see Pamlico Properties IV v. SEG Anstalt Co.*, 89 N.C. App. 323, 325, 365 S.E. 2d 686, 687 (1988) (broadside assignments of error which do not state a specific basis for the alleged error violate Rule 10); *McManus v. McManus*, 76 N.C. App. 588, 590, 334 S.E. 2d 270, 272 (1985) (assignments of error which allege trial court erred in its valuation of certain items raise no issue for this court to determine where basis for such error was not stated in the assignments). Here plaintiff made and brought forward fourteen assignments of error, four of them containing numerous subdivisions, and not one states the "basis upon which error is assigned," as required by Rule 10(c). App. R. 10(c). A typical assignment of error brought forward by the plaintiff reads:

ASSIGNMENT OF ERROR NO. 6

The trial court erred to plaintiff's prejudice in allowing, over plaintiff's objection, defendants' witness Dr. Simon to testify that, "My opinion is that what Dr. Brett did in the emergency room was very reasonable and would be done by most practicing physicians," as shown by exceptions Nos. 10 and 11 (T p 805), and 12 (T p 806).

Although plaintiff states that the court "erred to plaintiff's prejudice," this is not a sufficient basis upon which to assign error. Relevant evidence will not be excluded solely because such evidence is prejudicial. 1 Brandis on North Carolina Evidence Sec. 80 (3d ed. 1988).

One of the purposes of Rule 10(c) is "to identify for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position." App. R. 10(c), commentary. This rule also enables the appellate court to "fairly and expeditiously" consider the assignments of error as framed without "making a voyage of discovery" through the record in order to determine the legal questions involved. *Id.; see Kleinfeldt v. Shoney's of Charlotte, Inc.*, 257 N.C. 791, 793, 127 S.E. 2d 573, 574 (1962) (a similar requirement under prior Rules of Practice in the Supreme Court of N.C. was intended to prevent the necessity of the Court going "on a voyage of discovery" through the record to find the question involved). Included in our Appellate Rules is an appendix which gives examples of the correct way to state assignments of error in the record on appeal. N.C. Rules, Appendix C, Table 5. Two such examples relating to civil jury trial rulings are:

Defendant assigns as error the following:

1. The Court's admission of the testimony of the witness E. F. 30, *on the ground that* the testimony was hearsay.

EXCEPTION No. 7, R p. 29.

EXCEPTION No. 8, R p. 30.

2. The Court's denial of the defendant's motion for directed verdict at the conclusion of all the evidence, *on the ground that* plaintiff's evidence as a matter of law established his contributory negligence.

EXCEPTION No. 8, R p. 45.

N.C. App. Rules, Appendix C, Table 5 (emphasis added).

Here, plaintiff assigns as error certain admissions and exclusions of evidence, and the denial of plaintiff's motion to set aside the jury verdict without stating the grounds upon which the errors are assigned as required by the rules and demonstrated by the examples. Therefore, in accordance with Rule 10(c), plaintiff's exceptions upon which assignments of error are based are deemed abandoned. App. R. 10(c) (exceptions upon which assignments of error are based are deemed abandoned if assignments of error do not state basis upon which error is assigned). Further-

more, as appellant does not argue in her brief that the judgment is not supported by the verdict, we do not address that issue. App. R. 10(a) (even in the absence of exceptions in the record, on appeal from final judgment, a party may present for review the question "whether the judgment is supported by the verdict" by arguing it in brief).

Nevertheless, we exercise our discretion under Appellate Rule 2, suspend the rules, and decide the case on the merits. App. R. 2. After voyaging through the record and appellant's brief in search of arguments in support of appellant's assignments of error and after considering such arguments, we find no prejudicial error.

Accordingly, the judgment is

Affirmed.

Judges ORR and SMITH concur.