JOHNNY RAY BUSTLE, JR. AND WIFE, CHERYL M. BUSTLE, PLAINTIFFS v. JAMES S. RICE, AND WIFE, ANITA S. RICE, DEFENDANTS

No. 9427DC1

(Filed 18 October 1994)

### Appeal and Error § 7 (NCI4th)— failure to comply with appellate rules—appeal dismissed

Plaintiffs' appeal is dismissed for failure to comply with Rules of Appellate Procedure requiring that assignments of error be stated without argumentation, specify the legal basis upon which error is assigned, and direct the attention of the appellate court to the particular error about which the question is made with clear and specific transcript references. N.C.R. App. P. 10(c)(1), 28(b)(5).

### Am Jur 2d, Appeal and Error § 290.

Appeal by plaintiffs from order entered 25 August 1993 by Judge J. Keaton Fonvielle in Cleveland County District Court. Heard in the Court of Appeals 26 September 1994.

*C. A. Horn for plaintiff-appellants.*

*Bridges & Gilbert, P.A., by R. L. Gilbert, for defendant-appellees.*

PER CURIAM

Plaintiffs appeal from a judgment, entered after a non-jury trial, denying their claim for damages for alleged breach of a contract to purchase real property and for tortious "misappropriation" of certain monies. Plaintiffs assignments of error appear in the record as follows:

### ASSIGNMENTS OF ERROR

That the Court entered the Order based on total misinterpretation of the contract between the parties and the prevailing laws of the State of North Carolina for the following reasons:

1. That the Court totally ignored monies received by the defendants which have not been accounted for to the plaintiff.

2. That the Court totally ignored the conversion of funds by the defendant, in violation of Chapter 75 of the North Carolina General Statutes.

3. That the findings of fact do not support the entering of the judgment in the aforesaid order.

These purported assignments of error violate the provisions of N.C.R. App. P. Rule 10(c)(1) in several respects: specifically, they are not stated "without argumentation"; they do not specify the "legal basis upon which error is assigned"; and they do not "direct the attention of the appellate court to the particular error about which the question is made, with clear and specific transcript references." *See Kimmel v. Brett*, 92 N.C. App. 331, 374 S.E.2d 435 (1988); *Pamlico Properties IV v. SEG Anstaldt Co.*, 89 N.C. App. 323, 365 S.E.2d 686 (1988); *McManus v. McManus*, 76 N.C. App. 588, 334 S.E.2d 270 (1985).

In addition, the issue presented by plaintiffs' brief, "Did the trial Court [sic] commit Error [sic] by finding that the plaintiffs' exclusive remedies for the defendants' breach of contract was liquidated damages?", does not correspond to any assignment of error set forth in the record on appeal. The scope of appellate review is limited to the issues presented by assignments of error set out in the record on appeal; where the issue presented in the appellant's brief does not correspond to a proper assignment of error, the matter is not properly considered by the appellate court. *State v. Thomas*, 332 N.C. 544, 423 S.E.2d 75 (1992).

Finally, appellants' brief does not comply with N.C.R. App. Rule 28(b)(5) which requires that "[i]mmediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." Appellants' violations of the foregoing rules in this case renders it virtually impossible for us to discern to which assignment of error appellants direct their argument; accordingly, we decline to address the merits of the argument. *Hines v. Arnold*, 103 N.C. App. 31, 404 S.E.2d 179 (1991).

An appellate court will not review matters not properly before it. *State v. Fennell*, 307 N.C. 258, 297 S.E.2d 393 (1982). The Rules of

Appellate Procedure are mandatory; it is the duty of an appellate court to enforce them uniformly. *Id.; Pruitt v. Wood*, 199 N.C. 788, 156 S.E. 126 (1930). A failure to follow the Appellate Rules subjects an appeal to dismissal. *Craver v. Craver*, 298 N.C. 231, 258 S.E.2d 357 (1979); N.C.R. App. Rules 25(b), 34(b)(1). Accordingly, plaintiffs' appeal is dismissed.

Dismissed.

Panel consisting of:

Chief Judge ARNOLD, Judges MARTIN and THOMPSON