GERALD S. BRODERICK, Plaintiff v. VIVIAN L. BRODERICK, Defendant

No. COA05-103

(Filed 17 January 2006)

**Appeal and Error— appellate rules violations—failure to limit scope of review—failure to give adequate notice**

Plaintiff's appeal is dismissed for failure to comply with N.C. R. App. P. 10(c)(1), because: (1) plaintiff's single assignment of error without record references does not set forth a legal issue for determination and does no more than duplicate the notice of appeal which does not serve its function of limiting the scope of

review; (2) appellee did not receive adequate notice of the basis upon which the appeal might be resolved; and (3) the Court of Appeals cannot invoke N.C. R. App. P. 2 as a means of addressing issues not raised by an appellant.

Judge WYNN concurring in the result.

Appeal by plaintiff from order entered 7 October 2004 by Judge Jane V. Harper in Mecklenburg County District Court. Heard in the Court of Appeals 18 October 2005.

*Timothy M. Stokes for plaintiff-appellant.*

*Susan V. Thomas for defendant-appellee.*

GEER, Judge.

"The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.' " *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). In this case, plaintiff Gerald S. Broderick has failed to comply with Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure, and we therefore dismiss his appeal.

Rule 10(c) of the North Carolina Rules of Appellate Procedure states in relevant part:

(1) *Form; Record references.* A listing of the assignments of error upon which an appeal is predicated shall be stated at the conclusion of the record on appeal, in short form without argument, and shall be separately numbered. Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references. Questions made as to several issues or findings relating to one ground of recovery or defense may be combined in one assignment of error, if separate record or transcript references are made.

In this case, Mr. Broderick included a single assignment of error in the record on appeal, stating only, "Plaintiff-Appellant assigns as error the following: Entry of the Order for Modification of Alimony filed October 7, 2004." No record references follow this statement.

**BRODERICK v. BRODERICK**

[175 N.C. App. 501 (2006)]

Contrary to Rule 10(c), Mr. Broderick's assignment of error does not set forth a legal issue for our determination. *See, e.g., Dep't of Transp. v. Rowe*, 353 N.C. 671, 674, 549 S.E.2d 203, 207 (2001) (alleged error "not properly presented" to this Court where plaintiff failed to comply with "Rule 10(c) of the North Carolina Rules of Appellate Procedure [which] requires that an appellant state the legal basis for all assignments of error"), *cert. denied*, 534 U.S. 1130, 151 L. Ed. 2d 972, 122 S. Ct. 1070 (2002). Indeed, the assignment of error does no more than duplicate the notice of appeal and, thus, also does not serve its function of limiting our scope of review. N.C.R. App. P. 10(a) ("Except as otherwise provided herein, the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10.").

*Viar* prohibits this Court from invoking Rule 2 of the Rules of Appellate Procedure as a means of addressing issues not raised by the appellant. Doing so would amount to "creat[ing] an appeal for an appellant" and leaves an appellee "without notice of the basis upon which an appellate court might rule." *Viar*, 359 N.C. at 402, 610 S.E.2d at 361. Because Mr. Broderick's assignment of error in this case sets out no legal basis for arguing error, it gives rise to the same problem addressed in *Viar*. The assignment of error places no limit on the legal issues that could be addressed on appeal and the appellee fails to receive adequate notice of the basis upon which the appeal might be resolved. We are, therefore, compelled by *Viar* to dismiss this appeal based on Mr. Broderick's failure to comply with Rule 10(c)(1).

Dismissed.

Judge McGEE concurs.

Judge WYNN concurs in result with separate opinion.

WYNN, Judge, concurring in the result.

Because dismissing this appeal is mandated by our Supreme Court's decision in *Viar*, I most reluctantly join my colleagues in declining to decide the merits of this appeal.

I write separately to urge our Supreme Court to abolish assignments of error under North Carolina Rules of Appellate Procedure 9(a)(1)(k), (a)(2)(h), and (a)(3)(j) pursuant to its exclusive authority to make the rules of practice and procedure for the appellate division

of the courts. *See* N.C. Const. Art. IV, § 13(2); *see also* N.C. R. App. P. 9(a)(1)(k) (providing that the record in civil actions and special proceedings must include assignments of error in accordance with Rule 10); N.C. R. App. P. 9(a)(2)(h) (providing that the record in appeals from superior court review of administrative boards and agencies must include assignments of error in accordance with Rule 10); and N.C. R. App. P. 9(a)(3)(j) (providing that the record in criminal actions must include assignments of error in accordance with Rule 10).

In my opinion, the cost of effectively denying our citizens *access to justice* in our appellate courts outweighs the benefits of strictly enforcing the technical requirements for assignments of error.

While North Carolina Appellate Rules 9(a)(1)(k), (a)(2)(h), and (a)(3)(j) require parties to include assignments of error in the record on appeal as discussed *supra*, Rule 10(c)(1) outlines the technical requirements for parties' assignments of error. Rule 10(c)(1) provides:

(1) Form; Record references.

A listing of the assignments of error upon which an appeal is predicated shall be stated at the conclusion of the record on appeal, in short form without argument, and shall be separately numbered. Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references. Questions made as to several issues or findings relating to one ground of recovery or defense may be combined in one assignment of error, if separate record or transcript references are made.

N.C. R. App. P. 10(c)(1). This Court has stated that "[o]ne purpose of [Rule 10] is to 'identify for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position.'" *State v. Baggett*, 133 N.C. App. 47, 48, 514 S.E.2d 536, 537 (1999) (quoting *Kimmel v. Brett*, 92 N.C. App. 331, 335, 374 S.E.2d 435, 437 (1988)). "In addition, Rule 10 allows our appellate courts to 'fairly and expeditiously' review the assignments of error without making a 'voyage of discovery' through the record in order to deter-

**BRODERICK v. BRODERICK**

[175 N.C. App. 501 (2006)]

mine the legal questions involved." *Rogers v. Colpitts*, 129 N.C. App. 421, 422, 499 S.E.2d 789, 790 (1998) (quoting *Kimmel*, 92 N.C. App. at 335, 374 S.E.2d at 437).

The laudable purposes of Rule 10(c)(1), which are to provide the appellee notice of the issues before the court and to allow the court to expeditiously determine the legal questions on appeal, can be achieved through other means, such as by reviewing the parties' briefs and the record on appeal, as illustrated in the case *sub judice*. Indeed, the strict enforcement of the requirements of Rule 10, often does no more than bar litigants such as Mr. Broderick from their pursuit of justice.

Our Supreme Court's abolishment of Rules 9(a)(1)(k), (a)(2)(h), and (a)(3)(j) would be consistent with the Federal Rules of Appellate Procedure, the Local Rules of Appellate Procedure for the United States Court of Appeals for the Fourth Circuit, and the appellate rules of other state courts, which do not require parties to file assignments of error on appeal. *See* Fed. R. App. P. 3(a) advisory committee's note (1967 Amendments) (stating "[t]he petition for allowance . . ., citations, assignments of error, summons and severance—all specifically abolished by earlier modern rules—are assumed to be sufficiently obsolete as no longer to require pointed abolition[.]"); *see also* A.R.A.P. R. 20 (Alabama Appellate Rules providing that assignments of error are no longer required); Burns Ind. AP. 5 (providing that assignments of error are not required in administrative agency appeals in Indiana); Fla. R. App. P. 9.040 (stating "[A]ssignments of error are neither required nor permitted" in Florida appellate courts); *Murcherson v. The State*, 112 Ga. App. 299, 145 S.E.2d 58 (1965) (noting that the Appellate Practice Act of 1965 abolishes assignments of error in Georgia); *Camputaro v. Stuart Hardwood Corp.*, 180 Conn. 545, 429 A.2d 796 (1980) (stating that "[a]lthough this issue was not initially assigned as error, it is properly before us under [Connecticut] Practice Book, 1978, § 3060W, which abolishes the necessity of filing assignments of error."); *Trust Co. of Chicago v. Iroquois Auto Insur. Underwriters, Inc.*, 285 Ill. App. 317, 2 N.E.2d 338 (1936) (stating "[t]he former practice of formal assignment of error attached to the record accomplished nothing in the aid of the court, and this was the reason for its abolition[.]"); Frederick Bernays Wiener, *The Supreme Court's New Rules*, 68 Harv. L. Rev. 20 (1954) (stating ". . . the petition for allowance of appeal, the order allowing appeal, the assignment of errors . . . are severally abolished[]" by the July 1, 1954 amendments to the Supreme Court's Rules). I, therefore, urge the Supreme Court

to amend our appellate rules to afford greater opportunity for access to justice and abolish assignments of error as outlined in North Carolina Rule of Appellate Procedure 9(a)(1)(k), 9(a)(2)(h), 9(a)(3)(j).

Morever, in the *instant* case, notwithstanding Mr. Broderick's violation of Rule 10(c)(1), the legal issues for determination on appeal are set forth in the briefs of both parties. Indeed, Ms. Broderick fully responded to the merits of Mr. Broderick's arguments in her brief and therefore had notice of the basis upon which this Court might rule. *See Viar*, 359 N.C. at 402, 610 S.E.2d 361 (stating, "the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule."). In responding to the merits of Mr. Broderick's arguments, Ms. Broderick did not raise any appellate rule violations in her brief or elsewhere in the record. Furthermore, a review of the transcript from the trial court proceedings reveals that Mr. Broderick made the same arguments before the trial court that he raised in his brief on appeal and properly preserved this issue for appellate review. I, therefore, would be inclined to exercise discretion under Rule 2 to suspend the North Carolina Rules of Appellate Procedure and review the merits of Mr. Broderick's appeal. *See* N.C. R. App. P. 2.

However, in *Viar*, our Supreme Court admonished this Court for applying Rule 2 to review appeals where the appellant has violated our Rules, even in instances where the party's violation does not "impede comprehension of the issues on appeal or frustrate the appellate process." *Viar*, 359 N.C. at 402, 610 S.E.2d at 361. The Court held "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." *Id.* at 401, 610 S.E.2d at 360. The Court further stated, "[t]he Rules of North Carolina Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.' " *Id.* at 401, 610 S.E.2d at 360 (citation omitted).

Although *Viar* mandates that we consistently apply our appellate rules, 359 N.C. at 402, 610 S.E.2d at 361, our enforcement of the appellate rules has been anything but consistent. *See Walker v. Walker*, — N.C. App. —, — S.E.2d — (COA04-1601) (6 Dec. 2005) (dismissing an appeal for appellant's failure to properly assign as error the legal issues to be briefed on appeal in violation of Rule 10(c)(1)); *Vetere v. Lepanto*, 2005 N.C. App. LEXIS 2451 (COA05-91) (15 Nov. 2005) (unpublished opinion) (dismissing an appeal for appellant's failure to

**BRODERICK v. BRODERICK** .

[175 N.C. App. 501 (2006)]

reference pages in the record under the arguments in her brief, for failure to set forth the legal basis for each assignment of error, and for failure to reference the record or the transcript in her assignments of error in violation of Rules 10(c) and 28); *Surber v. Rockingham County Bd. of Educ.*, 2005 N.C. App. LEXIS 2463 (COA05-170) (15 Nov. 2005) (unpublished opinion) (dismissing an appeal for appellant's failure to reference pages in the record or transcript in her assignments of error and for failure to reference assignments of error in her brief); *Wendt v. Thomas*, 2005 N.C. App. LEXIS 2375 (COA04-1651) (1 Nov. 2005) (unpublished opinion) (dismissing an appeal for appellant's failure to set forth the legal basis for each assignment of error, and for failure to reference the record or the transcript in her assignments of error in violation of Rules 10(c) and 28); *Mitchell v. Hicks*, 2005 N.C. App. LEXIS 1488 (COA04-1405) (2 Aug. 2005) (unpublished opinion) (dismissing an appeal for appellant's failure to state any legal basis for her assignment of error in violation of Rule 10(c)). *But see Coley v. State*, 173 N.C. App. 481, —, 620 S.E.2d 25, 27 (2005) (noting that although the appellant violated several appellate rules, none of the violations were substantive or egregious enough to warrant dismissal of the appeal, and because the "minor rules violations" did not require the Court to create an appeal for an appellant or to examine any issues the appellant had not raised, *Viar* did not prohibit reliance on Rule 2); *Youse v. Duke Energy Corp.*, 171 N.C. App. 187, —, 614 S.E.2d 396, 400 (2005) (invoking Rule 2 where the defendant violated numerous appellate rules because the Court could determine the issues on appeal, the plaintiff responded to the defendant's arguments, and the plaintiff was therefore put on sufficient notice of the issues before the Court); *Cordell Earthworks, Inc. v. The Town of Chapel Hill*, 2005 N.C. App. LEXIS 1107 (COA04-189, COA04-190) (7 June 2005) (unpublished opinion) (invoking Rule 2 where appellant's assignments of error violated Rule 10, but the Court could "discern the legal issues raised by petitioner").[1]

This inconsistent application of Rule 2 to appeals where the appellant has violated our appellate rules is particularly troublesome in criminal cases. For example, in *State v. Dennison*, this Court

___

1. It should be noted that while an unpublished opinion of this Court does not constitute controlling legal authority under North Carolina Rule of Appellate Procedure 30(e)(3), a review of these cases is nonetheless relevant to illustrate the need for clear guidance from our Supreme Court as to when this Court should dismiss cases for violations of our appellate rules or invoke Rule 2 to review cases on their merits.

found that the trial court committed prejudicial error in admitting evidence of the defendant's prior acts at trial and awarded the defendant a new trial. *State v. Dennison*, 163 N.C. App. 375, 594 S.E.2d 82 (2004). On appeal, our Supreme Court reversed this Court's decision in a *per curiam* decision stating, "even assuming *arguendo* that the admission of this evidence was error, defendant waived his right to appellate review of this issue because he failed to object when [the witness] testified. *See* N.C. R. App. 10(b)(1)[.]" *State v. Dennison*, 359 N.C. 312, 312-13, 608 S.E.2d 756, 757 (2005). By declining to exercise its discretion under Rule 2 to review the merits of the *Dennison* appeal, our Supreme Court implicitly found that even where the Court of Appeals has reviewed a criminal appeal on the merits and has found prejudicial error, which entitled the defendant to a new trial, and the defendant has received a sentence of life imprisonment, such reasons are not sufficiently compelling to invoke Rule 2. *See also State v. Buchanan*, 170 N.C. App. 692, 613 S.E.2d 356 (2005) (declining to invoke Rule 2 where defendant failed to preserve the grounds for his appeal under Rule 10(b) for criminal convictions); *State v. McCoy*, 174 N.C. App. 636, 615 S.E.2d 319 (2005) (declining to invoke Rule 2 where defendant's writ of *certiorari* did not comply with Rule 21(c)). But *see State v. Johnston*, 173 N.C. App. 334, 339, 618 S.E.2d 807, 810 (2005) (invoking Rule 2 to "expedite the decision in the public interest" where the defendant failed to object to jury instructions at trial and did not assert plain error on appeal); *State v. Johnson*, 164 N.C. App. 1, 9, 595 S.E.2d 176, 181 (2004) (invoking Rule 2 in the "interests of justice" where the defendant failed to state the legal basis to support his assignments of error in violation of Rule 10(c)(1)).

Subsequent to our Supreme Court's decision in *Viar*, this Court has dismissed appeals for violating our appellate rules, and invoked Rule 2 to review the merits of other appeals. This has created conflict in this jurisdiction as to when this Court can, or if it can, exercise its discretion under Rule 2 to review appeals where the violations of the appellate rules are immaterial to the Court's review. Accordingly, I strongly urge our Supreme Court to provide this Court guidance on when we should invoke our discretion under Rule 2 and undertake to hear appeals that violate our appellate rules. "Just as the Rules of Appellate Procedure must be consistently applied, so too the principles in *Viar* must be consistently applied." *In re A.E.*, 171 N.C. App. 675, 680, 615 S.E.2d 53, 57 (2005) (internal citation and quotation omitted).

In sum, I urge our Supreme Court to exercise its exclusive authority to make the rules of practice and procedure for the appellate division of the courts and abolish assignments of error as required under North Carolina Rules of Appellate Procedure 9(a)(1)(k), (a)(2)(h), and (a)(3)(j). In doing so, litigants will be afforded a greater opportunity to pursue justice without having their appeals dismissed for failing to comply with the technical requirements for assignments of error under Rule 10(c)(1). However, because this Court is constrained by our Supreme Court's language in *Viar*, I must concur that this appeal must be dismissed based on Mr. Broderick's failure to comply with Rule 10(c)(1).