GREGORY KENT BENNETT, PLAINTIFF v. LEE ANN P. BENNETT, DEFENDANT

No. COA06-175

(Filed 19 December 2006)

**Appeal and Error— appellate rules violations—failure to state legal ground—failure to provide concise statement of applicable standards of review**

　　Defendant wife's appeal in an equitable distribution case is dismissed based on a failure to comply with the North Carolina Rules of Appellate Procedure, because: (1) defendant brought forth seven assignments of error, and none specify the legal basis upon which the errors are assigned as required by N.C. R. App. P. 10(c); (2) although defendant assigns error to several different findings of fact, she did not state on what legal ground the court erred; (3) defendant failed to comply with N.C. R. App. 28(b)(6) which requires that each argument in defendant's brief contain a concise statement of the applicable standards of review for each question presented; and (4) N.C. R. App. P. 2 should not be invoked to address issues not raised by appellant.

　　Judge HUNTER dissenting.

Appeal by defendant from judgment entered 22 August 2005 by Judge Spencer G. Key, Jr., in the District Court in Stokes County. Heard in the Court of Appeals 20 September 2006.

*Stover and Bennett, by Michael R. Bennett, for plaintiff-appellee.*

*Robertson, Medlin & Troutman, P.L.L.C., by Stephen E. Robertson, for defendant-appellant.*

HUDSON, Judge.

In 2004, plaintiff filed for divorce from defendant and sought equitable distribution. In July 2005, the trial court held the equitable distribution hearing and entered its judgment on 22 August 2005. Defendant appeals. For the reasons discussed below, we dismiss.

The evidence tends to show the following facts. Plaintiff and defendant married in 1995 and two children were born of the marriage. During the marriage, the parties lived in a mobile home on a 1.6 acre tract in Stokes County. The plaintiff worked in tobacco farming throughout the marriage. During the marriage, the plaintiff, together with his father, farmed tobacco, acquired various farming equipment, and incurred debts for the farming business. Neither the plaintiff nor the defendant assigned, in their respective inventory affidavits and in the pre-trial order, any value to the tobacco farming enterprise, Bennett Partnership, that plaintiff operates with his father. At the conclusion of the trial, the court ordered an equitable distribution of the assets ($240,498.08) and the debts ($319,518.13) of the marriage. The trial court distributed $221,272.00 in assets to the plaintiff and $19,226.00 in assets to defendant and distributed debt in the amount of $272,481.46 to plaintiff and $47,036.67 to defendant. The court ordered defendant to pay plaintiff a distributive award of $11,699.44.

Because we conclude that defendant has failed to comply with the North Carolina rules of appellate procedure, we decline to reach the merits of her appeal. It is well-established that rules violations may result in dismissal of an appeal. *See, e.g., Steingress v. Steingress,* 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999), *reh'g denied,* 359 N.C. 643, 617 S.E.2d 662 (2005). Rule 10(c) requires that each assignment of error contained in the record on appeal "state plainly and concisely and without argumentation the basis upon which error is assigned." N.C. R. App. P. 10(c). The appendix to the rules pro-

BENNETT v. BENNETT

[180 N.C. App. 675 (2006)]

vides the following examples of assignments of error related to civil non-jury trial:

1. The court's refusal to enter judgment of dismissal on the merits against plaintiff upon defendant's motion for dismissal made at the conclusion of plaintiff's evidence, *on the ground that* plaintiff's evidence established *as a matter of law* that plaintiff's own negligence contributed to the injury.

2. The court's Finding of Fact No. 10, on *the ground that there was insufficient evidence to support it.*

3. The court's Conclusion of Law No. 3, *on the ground that there are findings of fact which support the conclusion that defendant had the last clear chance to avoid the collision alleged.*

*Id.* (emphasis added). Here, appellant brought forth seven assignments of error on appeal, none of which specify the legal basis upon which the errors are assigned. Although appellant assigns error to several different findings of fact, asserting that "The trial court erred in its finding of fact #[x]," she does not state on what legal ground the court erred.

Our Courts have repeatedly held that assignments of error which do not specify the legal basis upon which error is assigned are deemed abandoned. *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 10-11 (1994); *Kimmel v. Brett*, 92 N.C. App. 331, 334-35, 374 S.E.2d 435, 436-37 (1988). "This rule [] enables our appellate court to fairly and expeditiously consider the assignments of error as framed without making a voyage of discovery through the record in order to determine the legal questions involved." *Kimmel* at 335, 374 S.E.2d at 437. Although this Court has previously chosen to review assignments of error which do not comply with Rule 10, *Duke v. Hill*, 68 N.C. App. 261, 264, 314 S.E.2d 586, 588 (1984), our Supreme Court has since stressed the importance of compliance with the rules of appellate procedure and admonished this Court not to use Rule 2 to "create an appeal for an appellant." *Viar v. N.C. DOT*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). In *Broderick v. Broderick*, this Court dismissed an appeal for appellant's failure to provide a legal basis in his assignment of error. 175 N.C. App. 501, 503, 623 S.E.2d 806, 807 (2006). "*Viar* prohibits this Court from invoking Rule 2 of the Rules of Appellate Procedure as a means of addressing issues not raised by the appellant. Doing so would amount to creat[ing] an appeal for an appellant" and leaves an appellee without notice of the basis upon

BENNETT v. BENNETT

[180 N.C. App. 675 (2006)]

which an appellate court might rule." *Id.* In addition to her failure to comply with Rule 10(c), appellant also failed to comply with Rule 28(b)(6), which requires that each argument in appellant's brief "contain a concise statement of the applicable standard(s) of review for each question presented, which shall appear either at the beginning of the discussion of each question presented or under a separate heading placed before the beginning of the discussion of all the questions presented." N.C. R. App. P. 28(b)(6). Accordingly, we dismiss appellant's appeal.

Dismissed.

Judge CALABRIA concurs.

Judge HUNTER dissents in a separate opinion.

HUNTER, Judge, dissenting.

I disagree with the majority's decision that defendant's appeal must be dismissed for appellate rules violations. Accordingly, I respectfully dissent. Moreover, after careful review of the assignments of error, I would affirm the judgment of the trial court.

The majority holds that defendant failed to comply with the North Carolina Rules of Appellate Procedure, specifically Rule 10 by including assignments of error which do not plainly state the legal basis on which defendant relies, and Rule 28 by failing to include the applicable standard of review. Although this Court has previously dismissed appeals for failure to properly state the legal basis, this Court has also elected to review assignments of error that do not strictly comply with Rule 10 when the legal basis can be inferred. *See Duke v. Hill*, 68 N.C. App. 261, 264, 314 S.E.2d 586, 588 (1984) (noting that although the assignments of error did not comply with Rule 10, the Court "accept[ed] them as maintaining that the findings were erroneous in that they were not supported by evidence" and reviewed the issue); *compare Broderick v. Broderick*, 175 N.C. 501, 503, 623 S.E.2d 806, 807 (2006) (dismissing the appeal for failure to follow Rule 10 and provide a legal basis, where the sole assignment of error stated " 'Plaintiff-Appellant assigns as error the following: Entry of the Order for Modification of Alimony filed October 7, 2004' ").

Here, defendant brings forward on appeal the following assignments of error:

3. The trial court erred in its Finding of Fact #8a that Plaintiff's expert, Frank Plunkett, was qualified to appraise real property.

4. The trial court erred in its Finding of Fact #8a that the value of the 8.90 acre tract was $52,000.

5. The trial court erred in its finding of Fact #8b that the value of the 25.63 acre tract was $72,000.

. . .

7. The trial court erred in its Finding of Fact #8d that the value of the Bennett Farms partnership is -0-.

. . .

11. The trial court erred in its Finding of Fact #10b in classifying the debts of the Bennett Farms partnership as marital debt.

12. The trial court erred in its Findings of Fact #10d in classifying the debts of the Bennett Farms partnership as marital debt.

13. The trial court erred in its Finding of Fact #11d in classifying the debts of the Bennett Farms partnership as marital debt.

Similar to *Duke*, defendant here identifies the factual issue contested in the assignments of error, but does not tell "what the claimed legal errors were nor why they were erroneous." *Duke*, 68 N.C. App. at 264, 314 S.E.2d at 588. However, the assignments of error provide sufficient information to permit the Court to accept that the legal basis for defendant's appeal included a challenge to the acceptance of an expert witness, that insufficient evidence was presented to support certain of the trial court's findings, and that the trial court erred in its legal classification of the property. Therefore, review of these assignments of error does not create an appeal for defendant as prohibited by *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361, *rehearing denied*, 359 N.C. 643, 617 S.E.2d 662 (2005). Additionally, plaintiff does not contend in his brief that defendant's assignments of error were insufficient to permit a determination of the legal basis for the appeal.

Thus, in this case, plaintiff was neither disadvantaged nor was the Court unduly burdened by the imprecise wording of defendant's assignments of error and failure to include the standard of review. Rather than the harsh remedy of dismissing the appeal, I would elect

to review the merits of the issues under Rule 2, and sanction defendant's attorney pursuant to Rule 25(b) for loose drafting of the assignments of error and failure to comply with our appellate rules.