TERRILYNNE WALKER, Plaintiff v. WAYNE CHARLES WALKER, and GARY S. WALKER, Defendants

No. COA04-1601

(Filed 6 December 2005)

**Appeal and Error— preservation of issues—appellate rules violations**

Defendant's appeal from a judgment ordering specific performance of a separation agreement and of an amendment to the agreement is dismissed because defendant failed to properly preserve for appellate review the issues presented on appeal when he violated several rules of appellate procedure.

Appeal by defendant from judgment entered 13 July 2004 by Judge William M. Neely in Moore County District Court. Heard in the Court of Appeals 13 September 2005.

*Smith Debnam Narron Wyche Saintsing & Myers, L.L.P., by John W. Narron and Lynn Wilson Lupton, for plaintiff-appellee.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by Jonathan McGirt, for defendant-appellant.*

LEVINSON, Judge.

Defendant Wayne Walker appeals from a judgment ordering specific performance of the separation agreement executed by defendant and plaintiff Terrilynne Walker, and of an amendment to the agreement. We dismiss the appeal.

The parties were married in 1965, and separated in early 2000. Shortly before separating, they started two businesses—Capital Transaction Group, Inc. (CapTran), and Carolina Self Storage, Corp. (CSS). Defendant's brother, Gary Walker, provided funding for both projects. On 28 February 2000 plaintiff and defendant executed a separation agreement addressing child custody and support, alimony, and division of marital property. On 25 September 2000 the parties signed an Amendment to the separation agreement; plaintiff sold her CapTran stock to Gary Walker, and relinquished her voting rights in defendant's CSS stock.

On 29 January 2001 plaintiff filed suit against defendant for breach of the separation agreement. Plaintiff alleged that the separation agreement required defendant to pay plaintiff one half of the $500,000 he had received in an arbitration proceeding, and that he was refusing to pay her. Defendant filed an answer and counterclaim on 26 March 2001. He denied plaintiff's entitlement to specific performance of the separation agreement, and asserted that the amendment was void *ab initio*, on the grounds that it was improperly executed. In his counterclaim, defendant sought, *inter alia*, to have the court (1) dismiss plaintiff's complaint; (2) set aside the separation agreement and amendment, on grounds of coercion and duress; and (3) declare the amendment void based on its improper execution. In her reply, plaintiff denied the allegations of the counterclaim, and asserted that defendant was estopped from arguing that the amendment was invalid. Plaintiff asked the court to dismiss defendant's counterclaim, and to enforce both the separation agreement and amendment.

**WALKER v. WALKER**

[174 N.C. App. 778 (2005)]

In March 2002, defendant filed a motion for partial summary judgment. In June 2002 the trial court granted summary judgment for defendant on the issue of the amendment's improper execution, but denied summary judgment on the issue of estoppel. Defendant filed another summary judgment motion in July 2002, which was denied in November 2002. In July 2001 plaintiff amended her complaint to add two defendants, Gary Walker and CapTran. Before trial, plaintiff dismissed her claim against CapTran. On 12 July 2002 defendant filed a notice of voluntary dismissal of the part of his counterclaim seeking to have the separation agreement set aside; he did not dismiss his counterclaim to have the amendment set aside. On 14 August 2002 plaintiff dismissed her original complaint against defendant.

Following an October 2003 bench trial on defendant's counterclaim, the trial court on 13 July 2004 entered judgment in favor of plaintiff. The judgment ordered defendant to specifically perform and comply with the terms of the separation agreement and of the amendment. Defendant timely appealed from this order and from the orders denying his pretrial motions for summary judgment. The court also dismissed plaintiff's claims against defendant Gary Walker, who is not a party to this appeal.

---

We first review certain provisions of N.C. R. App. P. 10:

(a)  . . . [T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10. . . .

(c)  (1) . . . Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned.

N.C.R. App. P. 10(a) and (c)(1). "One purpose of this rule is to 'identify for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position.' " *State v. Baggett & Penuel,* 133 N.C. App. 47, 48, 514 S.E.2d 536, 537 (1999) (quoting *Kimmel v. Brett,* 92 N.C. App. 331, 335, 374 S.E.2d 435, 437 (1988)). "In addition, Rule 10 allows our appellate courts to 'fairly and expeditiously' review the assignments of error without making a 'voyage of discovery' through the record in order to determine the legal questions involved." *Rogers v. Colpitts,* 129 N.C. App. 421, 422, 499 S.E.2d 789, 790 (1998) (quoting *Kimmel,* 92 N.C. App. at 335, 374

S.E.2d at 437). Furthermore, "assignments of error [that are] . . . broad, vague, and unspecific . . . . do not comply with the North Carolina Rules of Appellate Procedure[.]" *In re Appeal of Lane Co.*, 153 N.C. App. 119, 123, 571 S.E.2d 224, 226-27 (2002). Moreover, it is long settled that the "scope of appellate review is limited to the issues presented by assignments of error set out in the record on appeal; <u>where the issue presented in the appellant's brief does not correspond to a proper assignment of error, the matter is not properly considered by the appellate court</u>." *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 11 (1994) (citation omitted) (emphasis added).

We next apply these principles to the instant case. The defendant set out 119 assignments of error, purporting to assign error to almost every finding of fact and conclusion of law made by the trial court. His assignments of error follow a repetitive pattern, with each finding or conclusion the subject of three identical assignments of error.[1] Thus, assignments of error directed at findings of fact all assign error to:

    a. The Trial Court's Finding of Fact [No. 'X'], on the grounds that it is not supported by the evidence.

    b. The Trial Court's Finding of Fact [No. 'X'], on the grounds that it is erroneous as a matter of law.

    c. The Trial Court's Finding of Fact [No. 'X'], on the grounds that it is an abuse of discretion.

Assignments of error directed to conclusions of law use the same phrasing, adding only that the specific conclusion of law is not supported by the Findings of Fact. Likewise, assignments of error directed at decretal paragraphs of the order track the language of defendant's challenges to conclusions of law, adding only that the specific decretal paragraphs are not supported by the Conclusions of Law.

There is nothing inherently incorrect about categories 'a' and 'c' of defendant's assignments of error. These assignments of error clearly preserve for appellate review the issues stated therein—the trial court's exercise of discretion and the sufficiency of the evidence to support evidentiary facts found by the trial court. However, these issues are <u>not raised by defendant on appeal</u>. In his appellate brief, defendant <u>does not argue</u> that the trial court abused its discretion.

---

1. The only exceptions are assignments of error numbers 112-116, which assign error to the admission of certain evidence.

**WALKER v. WALKER**

[174 N.C. App. 778 (2005)]

Nor is defendant's appeal based on the assertion that evidentiary facts were not proven or supported.[2] Under N.C. R. App. P. 28, "[q]uestions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned[,]" and "[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28 (a) and (b)(6). Thus, defendant's assignments of error to the trial court's exercise of discretion and to the evidentiary support for the findings of fact are deemed abandoned.

We next consider, in the context of the issues actually briefed on appeal, the defendant's assignments of error in category 'b', asserting that various rulings by the trial court were "erroneous as a matter of law." Defendant argues on appeal that the trial court erred by (1) ordering specific performance of the separation agreement and its amendment, in the absence of a pending claim for breach of contract; (2) ruling that defendant was equitably estopped from challenging the validity of the amendment; and (3) denying his pretrial motions for summary judgment. We conclude that these issues are not preserved for appellate review.

Defendant's assertion that a given finding, conclusion, or ruling was "erroneous as a matter of law" completely fails to <u>identify</u> the issues actually briefed on appeal. These assignments of error do not refer to specific performance, equitable estoppel, the existence of genuine issues of material fact, the proper interpretation of the North Carolina Rules of Civil Procedure, the requirements for a valid separation agreement, incorporation by an amendment of an earlier agreement, breach of contract, effect of voluntary dismissal of a claim on related pending claims and counterclaims, enforcement of separation

---

2. In his first argument, that the trial court erred by ordering specific performance absent a pending claim for breach of contract, defendant states that finding of fact No. two (2) is "patently incorrect." However, this "finding," in which the trial court construes the allegations of plaintiff's complaint as establishing a claim for specific performance of the agreement and its amendment, is more properly termed a "conclusion of law." Defendant basically argues that, under his interpretation of the language of the pleadings and of the N.C. Rules of Civil Procedure, the trial court would not have reached the conclusion. However, none of defendant's assignments of error challenge the trial court's construction of either the Rules of Civil Procedure or the language of the pleadings. Furthermore, defendant mentions the validity of this finding to support his contention that the trial court lacked authority to order specific performance—an issue <u>not preserved</u> by defendant's assignments of error. Although defendant also discusses finding of fact No. eight (8), he argues only that it is inconsistent with Finding No. two, and not that the finding is not supported by sufficient evidence.

**WALKER v. WALKER**

[174 N.C. App. 778 (2005)]

agreements, or other relevant legal issue. Defendant's series of "generic" assertions that the trial court's findings and conclusions were "erroneous as a matter of law" essentially amount to no more than an allegation that "the court erred because its ruling was erroneous." "Such an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. 'This assignment—like a hoopskirt—covers everything and touches nothing.'" *Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005) (quoting *State v. Kirby*, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970)). We conclude that the issues defendant briefed on appeal are not preserved for review by defendant's assignments of error, set out as category 'b' above, asserting that a given finding, conclusion, or decretal paragraph was "erroneous as a matter of law."

Moreover, under Rule 28 (b)(6), "[i]mmediately following each question shall be a reference to the assignments of error <u>pertinent to the question</u>[.]" (emphasis added). In the instant case, the assignments of error referenced by defendant following each question are <u>not</u> pertinent to the legal issues presented.

That assignments of error must identify the legal issues to be briefed is neither a new rule, nor a novel application of the Rules of Appellate Procedure. Indeed, the North Carolina Supreme Court has "repeatedly held that [prior Rules of Practice in the Supreme Court of N.C.] . . . require an assignment of error to state clearly and intelligently what question is intended to be presented[.] . . . These rules are mandatory, and will be enforced." *Kleinfeldt v. Shoney's, Inc.*, 257 N.C. 791, 793, 127 S.E.2d 573, 574 (1962). "The office of an assignment of error, as both the rule and the innumerable cases interpreting it plainly show, is to state directly, albeit briefly, what legal error is complained of and why." *Duke v. Hill*, 68 N.C. App. 261, 264, 314 S.E.2d 586, 588 (1984). Defendant's failure to properly assign error to the questions briefed on appeal violates Rule 10 of the North Carolina Rules of Appellate Procedure, and subjects his appeal to dismissal. *See Viar v. N.C. DOT*, 359 N.C. 400, 610 S.E.2d 360 (2005).

Because defendant failed to properly preserve for appellate review the issues presented on appeal, his appeal is

Dismissed.

Judges WYNN and CALABRIA concur.