HUBERT JET AIR, LLC, PLAINTIFF v. TRIAD AVIATION, INC.; OTHMAN RASHED, AND
H & B LUMBER COMPANY, AND PAUL H. BARTLETT, DEFENDANTS

No. COA05-725

(Filed 2 May 2006)

**Appeal and Error— assignments of error and record references—insufficiency**

An appeal was dismissed where the assignments of error did not provide a legal basis for the error alleged and the record references did not provide an additional understanding of the legal basis of the alleged errors.

Judge WYNN concurring in the result.

Appeal by plaintiff Hubert Jet Air, LLC from an order entered 3 December 2004 by Judge Robert H. Hobgood and cross-appeal by defendants Triad Aviation and Othman Rashed from an order entered 2 December 2004 by Judge J.B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 10 January 2006.

*Dean & Gibson, L.L.P., by Susan L. Hofer; and Steven M. Chait, P.L.C., by Steven M. Chait, for plaintiff-appellant/cross-appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by Michael Montecalvo, for Triad Aviation, Inc. and Othman Rashed, defendants-appellees/cross-appellants.*

JACKSON, Judge.

Defendants Triad Aviation, Inc. ("Triad") and Othman Rashed ("Rashed") appeal from an order entered 2 December 2004 in the Superior Court of Alamance County by the Honorable J.B. Allen, Jr. denying defendants' joint motion for enforcement of mediated settlement agreement and motion for enforcement of memorandum of settlement. Plaintiff Hubert Jet Air, LLC ("Hubert") cross appeals from an order granting partial summary judgment in favor of defendants entered 3 December 2004 in the Superior Court of Alamance County by the Honorable Robert H. Hobgood. Triad and Rashed cross-assigned error to the trial court's failure to consider argument on the issues for which summary judgment was denied as well as the trial court's failure to grant summary judgment in their favor on those issues.

The dispute at issue arose from the allegedly negligent repair by Triad and Rashed of an aircraft engine owned by defendant H & B Lumber Company ("H & B"). H & B sold the airplane on which the engine was installed to Hubert. After purchasing the airplane, the engine suffered catastrophic failure, allegedly due to the negligence of Triad and Rashed, resulting in extensive damage to the engine and airplane as well as financial loss to Hubert.

The parties were ordered to participate in a mediated settlement conference in an effort to settle the dispute without litigation. As a result of the mediated settlement conference, the parties signed a memorandum of settlement. Part of the memorandum of settlement required Hubert to sign a general release of all claims and liability arising out of the subject matter of the action. Subsequently, Hubert refused to sign the general release, which resulted in Triad, Rashed, and H & B filing motions to enforce the memorandum of settlement and the settlement agreement. Both motions were denied by the trial court without explanation in the order.

Triad and Rashed also filed a motion for summary judgment. Summary judgment was granted in favor of Triad and Rashed on

Hubert's breach of warranty, strict liability in tort, vicarious liability, breach of contract under the Uniform Commercial Code, unfair and deceptive trade practices, and punitive or exemplary damages claims, and was denied as to Hubert's negligence claims. Hubert appeals from the order granting partial summary judgment, and Triad and Rashed cross-appeal the denial of summary judgment on the negligence claims.

The North Carolina Rules of Appellate Procedure require that "[e]ach assignment of error . . . shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C. R. App. P., Rule 10(c)(1) (2005). Rule 10 further provides, "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C. R. App. P., Rule 10(a) (2005). "[A]ssignments of error [that are] . . . broad, vague, and unspecific . . . . [sic] do not comply with the North Carolina Rules of Appellate Procedure[.]" *Walker v. Walker*, 174 N.C. App. 778, 780-81, 624 S.E.2d 639, 641 (2005) (quoting *In re Appeal of Lane Co.*, 153 N.C. App. 119, 123, 571 S.E.2d 224, 226-27 (2002)).

Triad and Rashed's assignments of error state:

1. The trial court's failure to grant the Defendants' Joint Motion for Enforcement of Settlement Agreement.

   Record p. 65 (Order Denying Enforcement of Settlement Agreement)

2. The trial court's failure to find that it had sufficient authority to enforce a settlement agreement signed by the parties and their counsel at the mediation.

   Record p. 65 (Order Denying Enforcement of Settlement Agreement)

3. The trial court's failure to enforce the Memorandum of Settlement signed by the parties and their counsel.

   Record p. 65 (Order Denying Enforcement of Settlement Agreement)

Hubert's assignment of error states:

1. The trial court's partial granting of the Defendants' Motion for Summary Judgment as to Counts 3 through 8.

   R. pp. 66 (Order of Judge Hobgood).

**HUBERT JET AIR, LLC v. TRIAD AVIATION, INC.**

[177 N.C. App. 445 (2006)]

Triad and Rashed's cross-assignments of error state:

1. The trial court's refusal to consider argument on Counts 1 and 2 of Defendant's Motion for Summary Judgment.

   R. pp. 66 (Order of Judge Hobgood).

2. The trial court's failure to grant summary judgment as to Counts 1 and 2 of Defendants' Motion for Summary Judgment.

   R. pp. 66 (Order of Judge Hobgood).

None of these assignments of error or cross-assignments of error provide any legal basis for the error alleged. Nor do any of the record references serve to provide this Court with any additional understanding of the legal basis for the alleged errors. These assignments of error "essentially amount to no more than an allegation that 'the court erred because its ruling was erroneous.' " *Walker*, 174 N.C. App. at 783, 624 S.E.2d at 642. " 'Such an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. This assignment—like a hoopskirt—covers everything and touches nothing.' " *Id.* (quoting *Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005)) (internal quotation omitted).

We hold that none of these assignments of error comply with Rule 10 of the North Carolina Rules of Appellate Procedure. As the assignments of error do not comply with the requirements of our rules of appellate procedure the issues presented in the briefs were not properly preserved for appeal. This failure subjects these appeals and cross-appeals to dismissal. *See Viar v. N.C. DOT*, 359 N.C. 400, 610 S.E.2d 360 (2005), *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005); *Walker*, 174 N.C. App. 783, 624 S.E.2d 639.

As all parties have failed to properly preserve the issues presented for appellate review, all of these appeals and the cross-appeal are dismissed.

DISMISSED.

Judge WYNN concurs in results only in a separate opinion.

Judge LEVINSON concurs.

WYNN, Judge, concurring in the result.

For the reasons stated in my concurrence in *Broderick v. Broderick*, 175 N.C. App. 501, 623 S.E.2d 806 (2006) (Wynn, J., concurring), I concur in the result only.