STATE OF NORTH CAROLINA v. BRANDON ALLEN POTTER

No. COA08-1398

(Filed 4 August 2009)

**1. Sentencing— two offenses—same conduct—sentences in presumptive range**

An appeal was dismissed where defendant was contesting sentencing for robbery with a dangerous weapon and habitual misdemeanor assault based on assault on a female, but the sentences were within the presumptive range. Defendant was not entitled to appeal as of right under N.C.G.S. § 15A-1340.17(c), and did not petition for *certiorari*.

**2. Appeal and Error— ineffective assistance of counsel—underlying issue dismissed**

An appeal alleging ineffective assistance of counsel based on failure to object to submission of a misdemeanor assault charge and imposition of a sentence based on that charge was dismissed where the issue of whether defendant's conduct was covered by a conviction for armed robbery was dismissed elsewhere in the opinion.

Judge GEER concurring in the result only.

Appeal by defendant from judgments entered 7 May 2008 by Judge John L. Holshouser, Jr. in Iredell County Superior Court. Heard in the Court of Appeals 9 April 2009.

*Attorney General Roy Cooper, by David L. Elliot, Director, Victims and Citizens Services, for the State.*

*Don Willey for defendant-appellant.*

BRYANT, Judge.

Defendant appeals from judgments and commitments entered 7 May 2008 for robbery with a dangerous weapon and habitual misdemeanor assault. Defendant was sentenced to a term of 100 to 129 months active imprisonment for the robbery followed by a term of seven to nine months suspended sentence for the habitual misdemeanor assault, and defendant was placed on supervised probation for 36 months. For the reasons stated herein, we dismiss defendant's appeal.

The evidence presented at trial tended to show that on the evening of 19 October 2007 Heather Devries stopped at Walmart on her way from work. An hour later, Devries was walking through the parking lot to her car. She had a large shoulder bag which contained cash, her wallet, keys, a cell phone, make-up, and paperwork. While walking, she felt a tug on her shoulder and heard a voice say, "Give me your purse." Devries turned to face a man and saw a gray knife, similar to a carpet knife. Devries tried to pull her purse away, but the man hit her in the stomach, hit her on her side, then ran away with the purse. Devries screamed for someone to call the police and chased the man until he got into a car with a female passenger and drove away.

Shortly thereafter, a law enforcement officer for the Town of Mooresville stopped defendant and his companion because they matched the description of the suspects. Devries was transported by another law enforcement officer to the scene of the stop, where she identified both defendant and his female companion as the individuals who drove away with her handbag. In defendant's vehicle was found a gray knife and, subsequent to defendant's arrest, cash in his front pocket. Devries' handbag was found along the roadside between the intersection where defendant was stopped and the Walmart where Devries was hit and her handbag taken. Inside the handbag was found Devries' driver's license and credit cards but no cash. Devries again identified both defendant and his companion in court.

Defendant was indicted for robbery with a dangerous weapon and habitual misdemeanor assault premised on the charge of assault on a female. At the close of the evidence, a jury returned guilty verdicts for robbery with a dangerous weapon and assault on a female. Out of the presence of the jury, defendant stipulated to prior convictions for misdemeanor assault on a government official on 23 February 1996 and misdemeanor assault with a deadly weapon on 21 January 1998. The trial court entered judgment and commitment for robbery with a dangerous weapon and habitual misdemeanor assault. Defendant appeals.

Defendant raises the following two issues on appeal: (I) whether the trial court committed sentencing error by entering judgment for both robbery with a dangerous weapon and misdemeanor

assault[1]; and (II) whether defense counsel provided ineffective assistance of counsel.

*I*

**[1]** First, defendant contends that the trial court committed sentencing error under N.C. Gen. Stat. § 14-33 by entering judgment on both robbery with a dangerous weapon and habitual misdemeanor assault based on misdemeanor assault on a female. Defendant argues that the conduct used to support his conviction for assault on a female under N.C. Gen. Stat. § 14-33(c)(2)[2] was also used to support his conviction for robbery with a dangerous weapon under N.C. Gen. Stat. § 14-87. We dismiss this argument.

Under the North Carolina General Statutes, section 15A-1444(a1),

[a] defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

N.C. Gen. Stat. § 15A-1444(a1) (2007).

Here, defendant was convicted of robbery with a dangerous weapon, a Class D felony, and was sentenced as a record level III felony offender to an active sentence of 100 to 129 months. Convicted

---

1. We note the State's contention that defendant's argument is not properly before this Court because it raises constitutional issues that were not raised at trial, *see State v. Anthony*, 354 N.C. 372, 389, 555 S.E.2d 557, 571 (2001) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal") (citation omitted); *State v. Sloan*, 180 N.C. App. 527, 531, 638 S.E.2d 36, 39 (2006) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." (citation omitted)). However, as we deem defendant's argument subject to dismissal on other grounds, we need not further address the State's contentions.

2. N.C. Gen. Stat. § 14-33. Misdemeanor assaults, batteries, and affrays, simple and aggravated; punishments. (c) *Unless the conduct is covered under some other provision of law providing greater punishment,* any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she: . . . (2) Assaults a female, he being a male person at least 18 years of age[.] (Emphasis added).

of habitual misdemeanor assault, carrying the sentence of a Class H felony, defendant was sentenced as a record level II misdemeanor offender, received a suspended sentence of seven to nine months, and was placed on supervised probation for 36 months. The minimum levels of both sentences are within the presumptive range. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2007). Pursuant to N.C.G.S. § 15A-1444(a1), defendant is not entitled to appeal as a matter of right the issue of whether his sentence is supported by evidence introduced at the trial. *See* N.C.G.S. § 15A-1444(a1) (2007). Moreover, defendant has not petitioned this Court to review the merits of his appeal by writ of certiorari. Therefore, we hold defendant's argument is not properly before us, and accordingly, this argument is dismissed.

## II

[2] Next, defendant argues defense counsel provided ineffective assistance of counsel by failing to object to the submission of the misdemeanor assault charge to the jury and the imposition of a sentence based on the misdemeanor assault on the grounds that the conduct punished was in perpetuation of the robbery.[3]

As we have dismissed on procedural grounds the issue of whether defendant's conduct punished by a conviction for assault on a female under N.C. Gen. Stat. § 14-33(c)(2) was covered by the conviction for robbery with a dangerous weapon under N.C. Gen. Stat. § 14-87, we will not address whether defense counsel's failure to object to the submission of the misdemeanor assault charge to the jury and the imposition of a sentence based on the misdemeanor assault amounted to ineffective assistance of counsel.

Accordingly, this issue is dismissed without prejudice to defendant's right to raise these arguments in a motion for appropriate relief filed in the trial court. *See State v. Duncan*, 188 N.C. App. 508, 656 S.E.2d 597 (Hunter, J., dissenting) ("[i]f an ineffective assistance of counsel claim is prematurely brought, this Court may dismiss the claim without prejudice, allowing the defendant to reassert the claim during a subsequent motion for appropriate relief proceeding."), *rev'd per curiam for reasons stated in the dissenting opinion*, 362 N.C. 665, 669 S.E.2d 738 (2008). *See also* N.C. Gen. Stat. § 15A-1415 (2009) (grounds for appropriate relief which may be asserted by defendant after verdict).

---

3. Defendant's motion to amend his brief to add a reference to Assignment of Error No. 9 was allowed by this Court on 20 March 2009.

STATE v. POTTER

[198 N.C. App. 682 (2009)]

Dismissed.

Judge STEPHENS concurs.

Judge GEER concurs in the result only in a separate opinion.

GEER, Judge, concurring in the result only.

I do not agree that N.C. Gen. Stat. § 15A-1444(a1) (2007) applies in the circumstances of this case. Defendant is arguing that he should have been sentenced only for robbery with a dangerous weapon and not also for habitual misdemeanor assault. If he were to prevail on this argument, the judgment for habitual misdemeanor assault would be arrested, and he would not be subjected to the suspended consecutive seven to nine month sentence. This argument does not seem to me to fall within the intended scope of § 15A-1444(a1).

In any event, I believe that defendant's argument is precluded by *State v. Richardson,* 279 N.C. 621, 185 S.E.2d 102 (1971), and *State v. Hines,* 166 N.C. App. 202, 600 S.E.2d 891 (2004). In *Richardson,* our Supreme Court held that "when separate indictments for armed robbery and felonious assault based on separate features of one continuous course of conduct are tried together, and verdicts of guilty as charged are returned, these verdicts provide support for separate judgments." 279 N.C. at 633, 185 S.E.2d at 111. Here, defendant's conviction of armed robbery is supported by the evidence that he took the victim's purse by confronting her with a knife. Defendant also, in the course of the robbery, struck the victim in her stomach and in her side—separate features of the course of conduct that supported the conviction of assault on a female that was the basis for the habitual misdemeanor assault conviction.

Defendant, however, argues that *Richardson* did not involve a statute, such as the statute governing assault on a female, that provides for punishment for assault "[u]nless the conduct is covered under some other provision of law providing greater punishment . . . ." N.C. Gen. Stat. § 14-33(c) (2007). *Hines,* however, involved precisely such a statute, and this Court rejected the argument made by defendant in this case.

Relying upon N.C. Gen. Stat. § 14-32.1(e) (2003), which allowed for punishment for assault on a handicapped person "[u]nless [defendant's] conduct is covered under some other provision of law providing greater punishment[,]" the defendant in *Hines* argued that

she could not be sentenced for both robbery with a dangerous weapon and aggravated assault on a handicapped person. 166 N.C. App. at 208, 600 S.E.2d at 896. This Court rejected that argument, holding that "the statutory language cited by defendant bars punishment under both this provision and another provision of an assault statute." *Id.* at 209, 600 S.E.2d at 897. Because the defendant had been convicted of robbery with a dangerous weapon (not a violation of an assault statute), she could also be convicted of assault on a handicapped person. *Id.* I believe *Hines* is indistinguishable from this case.

Under both *Richardson* and *Hines*, defendant could properly be sentenced for both robbery with a dangerous weapon and habitual misdemeanor assault. Since there was no error, defendant cannot show ineffective assistance of counsel by defense counsel in failing to raise this issue.