STATE OF NORTH CAROLINA
v.
SHERMAN LEE MCINTYRE.
No. COA09-414
Court of Appeals of North Carolina.
Filed December 22, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Diane Martin Pomper, for the State.
Michael J. Reece for defendant-appellant.
BRYANT, Judge.
Defendant appeals from a judgment and commitment entered after a jury found him guilty of felonious operation of a motor vehicle to elude arrest, possession with intent to manufacture, sell, or deliver cocaine, and responsible for failing to stop at a stop sign. On the charge of failing to stop for a stop sign, defendant received a prayer for judgment continued. On the remaining charges, defendant was sentenced to 108 to 139 months in the custody of the North Carolina Department of Correction. For the reasons stated herein, we find no error.

Facts
On 30 September 2007 at 4:23 a.m., Lieutenant Stacy Smith was on routine patrol on Progress Street near Dallas Street in Fayetteville, North Carolina. While parked on the shoulder of the road in a marked police car, Lt. Smith observed a black Honda Accord drive past him, "run" a stop sign, and come to a halt in the middle of an intersection. Lt. Smith pulled out to pursue the vehicle, which by that time had already achieved a "high rate of speed." Lt. Smith was able to follow the vehicle and caught up near the intersection of Camden Road and Owen Drive. Lt. Smith activated his blue lights and initiated a traffic stop. Lt. Smith recognized defendant from prior encounters, obtained defendant's driver's license and vehicle registration, and called for backup.
After a second officer arrived, Lt. Smith returned to defendant's vehicle to speak to him about the stop and noticed that defendant "was getting extremely nervous, and [that] he kept placing his right hand in his sweatshirt type thing that he had on, his right pocket." Concerned for his safety, Lt. Smith asked defendant to remove his hand from his sweatshirt, turn the vehicle off, and step out. Instead, defendant "floored it. Took off with the car in a careless manner with the front end [tires] . . . spinning and squealing. The vehicle was basically going from side to side." The officers immediately pursued defendant.
It was a clear night with little traffic, and the officers kept defendant in sight. On Owen Drive, Lt. Smith observed defendant's vehicle slow down, veer to the right toward the curb, then back to the left: he believed defendant was throwing something from the vehicle. Defendant ran a stop sign at an intersection of Cope Street and West Mountain, and entered a residential area. At 3205 Bolton Drive, defendant pulled into a yard, opened his car door, and started yelling. The officers removed defendant from the vehicle and arrested him. Incident to arrest, the officers conducted a search of defendant's car but found no contraband. Lt. Smith then returned to Owen Drive, where defendant's vehicle had swerved to the curb. Along the shoulder of the road, Lt. Smith found 10 "baggies" each containing approximately .25 grams of cocaine.
Defendant was indicted for felony speeding to elude arrest; misdemeanor possession with intent to manufacture, sell, or deliver cocaine; reckless driving; and failure to stop for stop sign. Defendant was also indicted for attaining the status of habitual felon. Prior to trial, the prosecutor gave notice of the State's intent to use evidence of defendant's prior convictions. Defendant was found guilty of felonious operation of a motor vehicle to elude arrest, possession with intent to manufacture, sell, or deliver cocaine, and responsible for failing to stop for a stop sign. Defendant pled guilty to attaining the status of habitual felon. The trial court entered a prayer for judgment continued on the charge of failing to stop for a stop sign and entered judgment and commitment for defendant as an habitual felon on the charges of fleeing to elude arrest and possession with intent to manufacture, sell, or deliver cocaine. Defendant was sentenced to 108 to 139 months in the custody of the North Carolina Department of Correction. Defendant appeals.
On appeal, defendant raises the following two issues: whether the trial court erred by (I) allowing the prosecutor to introduce evidence about a 1994 incident; and (II) failing to dismiss for insufficient evidence the charge of possession with intent to manufacture, sell or deliver cocaine.

I
First, defendant argues the trial court erred by allowing the prosecutor, over objection, to question defendant about a 1994 incident. Defendant argues the evidence admitted was not relevant, was substantially more prejudicial than probative, and was too remote in time to be admissible. We disagree.
Under North Carolina Rules of Evidence, Rule 401, "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. R. Evid. 401 (2007). "All relevant evidence is admissible . . . ." N.C. R. Evid. 402 (2007). "Although a trial court's rulings on relevancy are not discretionary and we do not review them for an abuse of discretion, we give them great deference on appeal." State v. Grant, 178 N.C. App. 565, 573, 632 S.E.2d 258, 265 (2006). However, under Rule of Evidence 403, relevant evidence may be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." N.C. R. Evid. 403 (2007). "A trial court has discretion whether or not to exclude evidence under Rule 403, and a trial court's determination will only be disturbed upon a showing of an abuse of that discretion." Grant, 178 N.C. App. at 573, 632 S.E.2d at 265 (citation omitted). Under Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts . . . [may] be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. R. Evid. 404(b) (2007). "Rule 404(b) is a rule of inclusion . . . ." State v. Renfro, 174 N.C. App. 402, 405, 621 S.E.2d 221, 223 (2005).
Under Rule 609, "evidence that the witness has been convicted of a felony . . . shall be admitted if elicited from the witness .. . ." N.C. R. Evid. 609(a) (2007). But, "[e]vidence of a conviction . . . is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ." N.C. R. Evid. 609(b) (2007).
Presuming error in the admission of evidence not relating to rights arising under the Constitution of the United States, a defendant is not prejudiced by errors unless "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2007). "Erroneous admission of evidence may be harmless where there is an abundance of other competent evidence to support the state's primary contentions, or where there is overwhelming evidence of [the] defendant's guilt." Grant, 178 N.C. App. at 576, 632 S.E.2d at 266 (citation omitted).
Here, defendant testified in his own defense. On cross-examination, defendant was questioned about an incident that occurred in 1994.
Prosecutor: And back in . . . '94, you were driving [your girlfriend's] Hyundai. You were at a business on Murchison and Country Club Drive and officers tried to stop you and you took off from them then, didn't you?
. . .
You had car trouble back then too, didn't you? Isn't that what you told the officers? You told the officers that you had car trouble and you had to  that's why you were at the gas station when they observed you doing an interaction 
. . .
when you came into contact with officers with the narcotics department.
Defendant testified that in 1995 he was placed on probation for possession with intent to manufacture, sell and deliver cocaine; in 1999, he was convicted of trafficking in cocaine; and, in 2002, he pled guilty to misdemeanor fleeing to elude arrest.
Upon review of the record, we hold that even presuming the trial court erred in admitting over objection evidence of the facts underlying defendant's 1994 encounter with narcotics officers that led to defendant's 1995 conviction for possession with intent to manufacture, sell or deliver cocaine, these errors do not give rise to a "reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A1-443(a) (2007). Accordingly, defendant's assignments of error are overruled.

II
Next, defendant argues that the trial court erred by failing to dismiss the charge of possession with intent to sell or deliver cocaine at the close of the State's evidence. We disagree.
"In ruling on a defendant's motion to dismiss, the trial court should consider if the state has presented substantial evidence on each element of the crime and substantial evidence that the defendant is the perpetrator." State v. Sloan, 180 N.C. App. 527, 531, 638 S.E.2d 36, 39 (2006) (citation omitted). "In ruling on the motion to dismiss, the trial court must view all of the evidence, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." Id. at 534-35, 638 S.E.2d at 41. "In reviewing the trial court's ruling, we must evaluate the evidence in the light most favorable to the State." State v. Myers, 181 N.C. App. 310, 313, 639 S.E.2d 1, 3 (2007) (citation omitted). "[C]ircumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." State v. Turnage, 362 N.C. 491, 494, 666 S.E.2d 753, 755 (2008) (citation omitted). "The ultimate question is whether a reasonable inference of the defendant's guilt may be drawn from the circumstances." Myers, 181 N.C. App. at 313, 639 S.E.2d at 3 (citation and internal quotations omitted). If the evidence supports a reasonable inference of the defendant's guilt, the question of whether there is proof beyond a reasonable doubt is for the jury. Id.
Under North Carolina General Statutes, section 90-95(a)(1), it is a violation of the North Carolina Controlled Substances Act "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, [cocaine.]" N.C. Gen. Stat. §§ 909-0(1)d, 90-95(a)(1) (2007).
Here, the State presented evidence that in the morning hours of 30 September 2007, Lt. Smith initiated a traffic stop for failure to stop at a stop sign. Upon approaching the vehicle, Lt. Smith noticed that defendant "was getting extremely nervous, and [that] he kept placing his right hand in his sweatshirt type thing that he had on, his right pocket." Lt. Smith became concerned for his safety and asked defendant to remove his hand from his sweatshirt, turn the vehicle off, and step out. Rather than complying, defendant "floored it. Took off with the car in a careless manner with the front end [tires] . . . spinning and squealing." Lt. Smith testified that he never lost visual contact with defendant and that defendant was never more than two hundred yards away. On Owen Drive, just past Parker's Gas Station, Lt. Smith observed defendant's vehicle veer to the right then back to the left. He believed defendant was throwing something from the vehicle. After defendant was taken into custody, Lt. Smith returned to the area on Owen Drive where defendant's vehicle swerved to the curb. Along the shoulder of the road, were 10 "baggies" each containing approximately .25 grams of cocaine.
We hold that such evidence supports a reasonable inference of defendant's guilt, see State v. Hargrave, ___ N.C. App. ___, 680 S.E.2d 254 (2009) (where officers found cocaine separated into baggies in the defendant's possession, the defendant was convicted of possession of cocaine with intent to sell or deliver); therefore, the trial court did not err in failing to dismiss the charge of possession with intent to manufacture, sell or deliver cocaine. Accordingly, defendant's assignments of error are overruled.
No error.
Judges WYNN and McGEE concur.
Report per Rule 30(e).